UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs. 8:08-cr-450-T-33EAJ

GEORGE AUGUSTUS
_____/

**ORDER**

This matter comes before the Court for consideration of United States Magistrate Judge Elizabeth A. Jenkins' Report and Recommendation (Doc. # 79), issued on May 14, 2009, which recommends that Defendant Augustus' Motion to Suppress Statements (Doc. No. 58) be granted. The Government filed a timely objection to the Report and Recommendation (Doc. # 84).

I.  **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, a district judge must make a de novo determination of those portions of the report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1)(C). District judges must "give fresh consideration to those issues to which specific objections have been made by a

party." <u>Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990)(internal citations omitted). The district judge reviews legal conclusions <u>de novo</u>, even in the absence of an objection. See <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

## II. **Analysis**

The Government's objection to the Report and Recommendation does not involve the findings of fact, but instead asserts that the conclusions of law regarding "knowing and intelligent waiver" are erroneous and should be rejected by this Court.

A defendant may waive his Miranda rights, provided the waiver is made voluntarily, knowingly and intelligently. <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966). An express written waiver of Miranda rights "is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." <u>North Carolina v. Butler</u>, 441 U.S. 369, 373 (1979).

In assessing the validity of such a waiver, a court must undertake the following two-part inquiry:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to

> abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Moran v. Burbine, 475 U.S. 412, 421 (1986)(citations omitted). The prosecution must establish the defendant's waiver of Miranda rights by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168 (1986).

The main cases discussed in the Report and Recommendation and the Government's objection are Hart v. Attorney General of Fla., 323 F.3d 884 (11th Cir. 2003) and United States v. Quinn, 123 F.3d 1415 (11th Cir. 1997). In Hart, the Eleventh Circuit held that misleading statements as to the nature of Miranda rights can in some cases void a waiver of those rights. Ultimately, the detective in Hart informed the defendant that "honesty wouldn't hurt him," which the court found "simply not compatible with the phrase 'anything you say can be used against you in court.'" Hart, 323 F.3d at 894. Although the defendant was properly advised of his Miranda rights, the court found that the detective's subsequent statements confused the nature of those rights and undermined the validity of the waiver. Id. at 895; see also United States v. Beale, 921 F.2d 1412, 1435 (11th Cir. 1991)(finding district court erred in admitting statement where law enforcement told defendant that signing Miranda waiver "would not hurt him" because this

contradicted warning that defendant's statements could be used against him).

In Quinn, the defendant testified that he was told "cooperation" could lead to a lesser sentence and that "it would be difficult to cooperate once an attorney had been appointed." Quinn, 123 F.3d at 1423-24.  The Eleventh Circuit affirmed the district court's conclusion that the Miranda waiver was valid, reasoning that the defendant was adequately advised of his rights when law enforcement read them to him.  Id. at 1424.  The court emphasized, however, that any inculpatory statements were made by defendant *before* law enforcement discouraged the defendant from requesting counsel.  Id.

Judge Jenkins analyzed these cases in her R&R and found that the facts of this case are closer to Hart than to Quinn.  Judge Jenkins concluded that the totality of the circumstances surrounding the interview undermined the validity of Defendant's waiver.  Specifically, Judge Jenkins found that Agent Coad's statements prior to Defendant's waiving his rights about the benefits of talking with the agent were misleading and contradicted the Miranda warnings.  Accordingly, Defendant's waiver of his Miranda rights, while voluntary, was not knowing and intelligent.

The Report and Recommendation states, in pertinent part, that:

> Although Defendant was informed that any statements he made could be used against him as evidence in the future, less than two minutes later during the interview Agent Coad suggested that Defendant should talk if he hoped to

> "do less time." Moreover, although Agent Coad informed Defendant of his right to the presence of counsel, Agent Coad also indicated that requesting a lawyer would be equivalent to expressing a desire to "do the time."

Report & Recommendation (Doc. No. 79) at 7.

The Government raises only one objection to the Report and Recommendation. The Government argues that Agent Coad telling the Defendant that cooperation could lead to a lesser sentence should lead to a <u>Quinn</u> "cooperation could lead to a lesser sentence" analysis. The Government argues that the agent telling the Defendant that "if you want to do less time, talk to me..." is distinguishable from <u>Hart</u> where the agent stated "honesty wouldn't hurt [the defendant]" because Agent Coad never stated that the Defendant would be able to avoid jail, just that he could receive a lesser sentence.

While initially the Government's argument is appealing, it is, upon closer inspection, without merit. While it is true that the actual language used by Agent Coad is closer to that used by law enforcement in <u>Quinn</u>, the facts in <u>Quinn</u> are distinguishable because the <u>Quinn</u> court emphasized that the incriminating statements made by the defendant in <u>Quinn</u> were made *before* law enforcement discouraged the defendant from requesting counsel. In the case at bar, the incriminating statements made by the Defendant were made after the agent discouraged the Defendant from requesting counsel. While <u>Hart</u> is not exactly on-point as to the language used by the agent, this Court agrees with the Magistrate Judge that

this case is closer to Hart than to Quinn and agrees with her analysis as to the applicability of these cases to the case at bar.

**III. Conclusion**

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving de novo review to matters of law and those portions of the Report and Recommendation to which objection was made, the Court accepts the factual findings and legal conclusions of the Magistrate Judge and the recommendation of the Magistrate Judge regarding the motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. United States Magistrate Judge Elizabeth A. Jenkins' Report and Recommendation (Doc. # 79) is **ACCEPTED** and **ADOPTED.**
2. Defendant Augustus' Motion to Suppress Statements (Doc. No. 58) is **GRANTED**. Defendant Augustus' statements during his interviews with Agent Coad, Agent Hanes, and Detective Lazzara on September 17, 2008 are not admissible at trial to establish Defendant's guilt.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of October, 2009.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

Copies: All Counsel of Record