UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No. 8:08-cr-450-T-33EAJ

v.

ANTONIO MCCLAIN
_____/

## **ORDER**

This cause is before the Court pursuant to Defendant's Motion for Reconsideration of In Camera Order of February 5, 2010, and Subsequent Related Rulings (the "Reconsideration Motion" Doc. # 225), which was filed on February 16, 2010. The Government filed a Response in Opposition to the Reconsideration Motion on February 18, 2010 (Doc. # 230). This Court held oral argument on the Reconsideration Motion on February 18, 2010, and for the reasons stated below, the Reconsideration Motion is denied.

## **Analysis**

On July 8, 2009, Defendant filed his Notice of Expert Evidence of a Mental Condition (Doc. # 96), pursuant to Rules 12.2(b) and 16(b) of the Federal Rules of Criminal Procedure.[1]

___

[1] Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure states:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of
> (continued...)

In his notice, Defendant specified that "the defense is not asserting insanity as an affirmative defense, but will claim at trial the Defendant's mental disability is relevant to determine the mens rea elements of the charged offenses." (Doc. # 96 at 2).[2]

On August 25, 2009, the Government filed its Motion in Limine to Exclude Evidence Offered Under Defendant's Notice of Expert Evidence of a Mental Condition and Government's Motion for Independent Psychiatric Examination of the Defendant (the "Motion in Limine" Doc. # 134). Over five months passed with no response from Defendant. Finally, on January 14, 2010, Defendant filed his Response in Opposition to the Government's Motion in Limine. (Doc. # 167).

---

[1](...continued)
Evidence as evidence at trial, if --

(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

(ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition. This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

[2] McClain's vague Rule 16(b) Notice (Doc. # 96) did not specify or adequately describe the expert evidence he seeks to admit.

### A. Expert Evidence

On February 5, 2010, this Court entered a lengthy in camera order granting the Government's Motion in Limine. The Court's order addressed binding case law including but not limited to <u>United States v. Cameron</u>, 907 F.2d 1051, 1061 (11th Cir. 1990) and <u>United States v. Westcott</u>, 83 F.3d 1354, 1357-58 (11th Cir. 1996).

The Court's order determined that psychiatric evidence in non-insanity defense cases may be admitted in certain cases. However, in <u>United States v. Cameron</u>, 907 F.2d 1051 (11th Cir. 1990), the court cautioned that such evidence should be admitted in <u>very</u> <u>limited</u> circumstances:

> Because psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury from focusing on the actual presence or absence of mens rea, and (3) "may easily slide into wider usage that opens up the jury to theories of defense more akin to justification," district courts must examine such psychiatric evidence carefully to ascertain whether it would, if believed, support a legally acceptable theory of lack of mens rea.

<u>Cameron</u>, 907 F.2d at 1067.

This Court acknowledged that this is a specific intent case and Defendant is not asserting an insanity defense. However, this Court declined to admit expert evidence because the expert evidence proffered to the Court by Defendant was not keyed to Defendant's mens rea at the time the alleged

crime was committed.  See  Westcott, 83 F.3d at 1358 ("psychiatric evidence is admissible to negate mens rea when the evidence focuses on the defendant's specific state of mind at the time the offense was committed").

In the Court's in camera order, the Court noted: "The Court has carefully evaluated the psychiatric evidence and comes to the conclusion that, even if believed, such evidence does not support a legally acceptable theory of lack of mens rea.  The evidence describes McClain's general mental and emotional defects, but it does not describe his state of mind or mens rea at the time of the alleged crime."

The Court denies the motion for reconsideration to the extent that the motion for reconsideration seeks an order allowing expert testimony concerning Defendant's mental state or any other mens rea testimony.  The Court stands behind its order granting the Government's Motion in Limine.  The Court finds now, as it did in its written order, that the proffered expert testimony would violate the Insanity Defense Reform Act.  Further, the Court has analyzed the evidence under Rule 403 of the Federal Rules of Evidence and determines that its probative value is greatly outweighed by its danger to confuse and mislead the jury.

**B. <u>Lay Witnesses</u>**

At the eleventh hour, Defendant expressed his desire to present lay witness testimony regarding Defendant's mental health and related issues. The Government orally moved to exclude such evidence, arguing that such lay testimony would be an attempt to "back door" this Court's in camera order excluding expert psychiatric evidence. The Court heard from both sides and then orally granted the Government's motion to exclude lay testimony concerning Defendant's mental health.

Defendant now seeks reconsideration of that order, arguing that this Court is preventing Defendant from putting on a defense, entirely. Defendant wants to inform the jury, through lay witnesses (including family members) that he has been on Social Security Disability since birth because he is intellectually disabled. Defendant also wants family members to testify that Defendant is "slow."

The Court has considered these arguments and determines that Defendant should not be allowed to present mental health, diminished capacity evidence through experts or through lay testimony. Defendant is not entitled to present his excluded expert diminished capacity evidence through lay witnesses. Such back-door tactics are not permitted in this Court. Further, the Court's Rule 403 analysis applies with equal

force to lay witness testimony. Put simply, diminished capacity evidence in this case, coming from experts of lay witnesses, presents too great a danger of confusion of the issues and misleading the jury.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Defendant's Motion for Reconsideration of In Camera Order of February 5, 2010, and Subsequent Related Rulings (Doc. # 225) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of February, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record